UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA CORSON,<br><br>*Plaintiff*,<br><br>v.<br><br>PARATHA JUNCTION, LLC,<br><br>*Defendants.* | Civil Action No. 21-20095<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Lisa Corson's ("Plaintiff" or "Corson") unopposed Motion for the Entry of Default Judgment,[1] ECF No. 10, against Defendant Paratha Junction, LLC ("Defendant" or "Paratha Junction");

and it appearing that this action arises out of Paratha Junction's reproduction, distribution and public display of Plaintiff's original photograph (the "Photograph"), see generally, Compl., ECF No. 1;

and it appearing that Paratha Junction has posted the Photograph to its Facebook and Yelp pages to promote its goods and/or services for sale, Compl. ¶¶ 13-14; Exhibit C, ECF No. 1.3;

and it appearing that Plaintiff owns the copyrights in and to the Photograph, which was originally published on February 1, 2013, and registered with the United States Copyright Office with an effective date of May 11, 2016, Compl. ¶¶ 8-12; Exhibit B, ECF No. 1.2;

and it appearing that, according to Plaintiff, Paratha Junction had access to the Photograph online and downloaded it for use on its websites without authorization or licensing from Plaintiff, Compl. ¶ 15-17;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that Plaintiff notified Paratha Junction multiple times of the infringements, "demanding a cease of the infringement or payment of a licensing fee," with no response from Paratha Junction, id. ¶ 18-19;

and it appearing that on November 18, 2021, Plaintiff filed a Complaint against Paratha Junction, asserting one count of "willful copyright infringement in violation of [the Copyright Act]," 17 U.S.C. §§ 106 and 501, id. ¶¶ 1, 21-31;

and it appearing that the Defendant has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that on April 11, 2022, Plaintiff requested the Clerk of the Court enter default against Paratha Junction, ECF No. 11, which the Clerk entered on that same day;

and it appearing that Plaintiff filed the instant Motion for Default Judgment on April 15, 2022, ECF No. 10;

and it appearing that a default judgment may be entered only against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service against Paratha Junction, see ECF No. 8;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has federal question jurisdiction over Plaintiff's claim brought under the Copyright Act, 17 U.S.C. § 101 et seq, see 28 U.S.C. § 1331;

and it appearing that the Court has personal jurisdiction over Paratha Junction as an LLC with its principal place of business in New Jersey, see Compl. ¶¶ 4, 6; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently states a cause of action, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that "[t]o establish copyright infringement pursuant to 17 U.S.C. §§ 501–513, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original," Coach, Inc. v. Ocean Point Gifts, No. CIV.A.09-4215 JBS, 2010 WL 2521444, at *4 (D.N.J. June 14, 2010) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); Dam Things from Denmark v. Russ Berrie & Co., Inc., 290 F.3d 548, 561 (3d Cir.2002));

and it appearing that Plaintiff had ownership of a valid copyright in the Photograph, Compl. ¶ 12, and Plaintiff did not license the Photograph to the Defendant, id. ¶¶ 15, 18-19;

and it appearing that "[t]he copying element can be proven by showing that the defendant had access to the work and there are substantial similarities between the two works," Coach, 2010 WL 2521444, at *4 (D.N.J. June 14, 2010) (citation omitted).

and it appearing that the Defendant had access to the Photograph on the internet, and reproduced, distributed and publicly displayed a version of the Photograph that is identical except that it is cropped, Id. ¶ 14-16, see also Exhibit A, ECF No. 1.1, Exhibit C, ECF No. 1.3;

and it appearing that Plaintiff has therefore stated a claim for relief under § 501;

and it appearing that before granting default, the Court must also make explicit factual findings as to "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears

to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) (quotation marks and citation omitted);

and it appearing that the Court finds that "Plaintiff has appeared to exhaust all available methods to inform [Defendant of its infringement], and without this judgment, then plaintiff will be prejudiced because it has no other recourse, Platypus Wear, Inc. v. Bad Boy Club, Inc., No. CUV, 08-02662, 2009 WL 2147843, at *4 (D.N.J. July 15, 2009);

and it appearing that the Court finds that the Defendant does not have a meritorious defense where it has "failed to file responsive pleadings regarding Plaintiffs' Motion for Default and have therefore asserted no defense," Broad. Music, Inc. v. Amici III, Inc., No. 14-CV-5002, 2014 WL 7271915, at *3 (D.N.J. Dec. 16, 2014);

and it appearing that the Court finds Defendant culpable for its delay because Plaintiff properly served Defendant and nothing before the Court suggests Defendant's delay "was caused by anything other than [its] own culpability and willful negligence," Platypus Wear, 2009 WL 2147843, at *5;

and it appearing that entry of a default judgment against Paratha Junction is therefore proper;

and it appearing that Plaintiff requests that the Court enjoin Paratha Junction from further infringing the copyrighted work of Plaintiff, Pl. Mem. at 11;

and it appearing that a "plaintiff seeking a permanent injunction must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction," Broad. Music, 2014 WL 7271915, at *2 (citing eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006));

and it appearing that Defendant's continued infringement and failure to respond to the Complaint establishes both irreparable injury and inadequate remedy at law, see Virgin Recs. Am., Inc. v. Bagan, No. CIV. 08-4694, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009) (finding the same);

and it appearing that because Defendant "has declined to answer or respond, and the plaintiff cannot ascertain even its past damages. . . [m]erely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so," Ottomanson, Inc. v. UCAI, LLC, No. CV 19-8775, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020); Broad. Music, 2014 WL 7271915, at *2 ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections");

and it appearing that the Court will grant Plaintiff's request for injunctive relief;

and it appearing that Plaintiff also seeks to recover statutory damages in the amount of $10,000 and attorney's fees pursuant to § 504(a),[2] Pl. Mem. at 9-11, ECF No. 10.1;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

---

[2] Plaintiff's motion is unclear with respect to the amount of statutory relief requested. Plaintiff on one hand argues that "[a] plain reading of the statute warrants awarding $30,000," Pl. Mem. at 7, but also states in the same section that "an award of $10,000 [is] thus justified," id. at 9. Plaintiff's conclusion also requests that the Court award "statutory damages in the amount of $10,000." Id. at 11. Finally, Plaintiff's proposed order reflects statutory damages of $10,000. ECF No. 10.5. The Court will proceed with the request of $10.000 and determine the appropriate damages regardless of these conflicting requests.

and it appearing that ordinarily "the plaintiff may opt for statutory damages of up to $30,000 for an ordinary infringement, or $150,000 for a willful infringement," Ottomanson, Inc., 2020 WL 205945, at *3; 17 U.S.C. § 504(c);

and it appearing that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work," Malibu Media, LLC v. Toshi Yamada, No. CV171183, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019) (citing 17 U.S.C. § 412(2)).

and it appearing that infringement commences "when the first act in a series of acts constituting continuing infringement occurs," Miller Yacht Sales, Inc. v. Smith, No. CIV.02-0402 AET, 2006 WL 2591073, at *5 (D.N.J. Sept. 8, 2006) (quoting Greenfield v. Twin Vision Graphics, Inc., 268 F.Supp.2d 358, 385 (D.N.J.2003));

and it appearing that the Photograph's registration, in May of 2016, was made far more than three months after first publication, in February of 2011, see Exhibit B, ECF No. 1.2;

and it appearing that Plaintiff has not alleged when the Defendant's continuing infringement of the Photograph began;[3]

and it appearing that the Court cannot determine whether Plaintiff is entitled to statutory damages and attorneys fees without further information;

---

[3] Plaintiff has attached screenshots of the Defendant's use of the Photograph on Facebook, but not every screenshot is dated.  See Exhibit C, ECF No. 1.3.  Further, Plaintiff alleges that Defendant has also used the Photograph on Yelp but has not attached any screenshots to that effect.  The Court cannot determine when Defendant's infringement began with this incomplete information.

and it appearing that Plaintiff's Motion does not make an argument for actual damages, nor does Plaintiff offer any facts, such as the licensing fee for the Photograph, from which the Court could determine actual damages;

and it appearing that the Court will not grant Plaintiff's request for damages or attorney's fees at this time;[4]

**IT IS** on this 8th day of November, 2022;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 10, is hereby **GRANTED**; and it is further

**ORDERED** that the Defendant be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's copyrights; and it is further

**ORDERED** that Plaintiff may submit a renewed request for damages, costs and attorneys' fees within sixty (60) days of the date of this Order.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court also notes that Plaintiff requests a finding that Defendant's infringement was willful and consideration of that willfulness in increasing damages but has not attached evidence of the multiple correspondences it alleges to have sent to Defendant before filing this lawsuit.  Plaintiff should also include this evidence along with any further request for damages.